IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VICTORIA McARTHUR,

    Plaintiff,

vs.                                                          Case No. 4:12cv571-WS/CAS

DOVETREE PRODUCTIONS, INC.,
a Tennessee Corporation,

    Defendant/Counter-Plaintiff.

_____

DOVETREE PRODUCTIONS, INC.,
a Tennessee Corporation,

    Third Party Plaintiff,

vs.

FJH MUSIC COMPANY, INC.,
a Florida Corporation,

    Third Party Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Dovetree Productions, Inc. (hereinafter "Dovetree") has filed a response, doc. 46, to Plaintiff's motion to enforce a mediated settlement agreement, doc. 41. No response was filed by FJH Music Company, Inc. (hereinafter "FJH"). The motion is ready for a ruling.

Plaintiff asserts that "all parties participated in a nearly ten hour mediation" on May 21, 2013, and "resolved the issues between the parties."  Doc. 41 at 2.  Plaintiff advises that the May 21, 2013, Settlement Agreement was signed by Plaintiff McArthur and Defendant Dovetree and that third-party Defendant "FJH did not sign the Settlement Agreement as its counsel and representative left the mediation early since the issues being mediated were ancillary to its involvement as a third-party indemnitor."  *Id.*  Plaintiff presents a copy of an email exchange with counsel for FJH which Plaintiff contends indicates "FJH's agreement to the terms of the May 21, 2013[,] Settlement Agreement provided that the mutual general release does not release Dovetree from certain obligations related to an asset purchase agreement between Dovetree and FJH."  *Id.*  Plaintiff further contends the "terms and conditions of the Settlement Agreement are clear and unambiguous."  *Id.*  Plaintiff advises that on June 7, 2013, Dovetree provided Plaintiff with a 70-page agreement, demanded Plaintiff's signature on that agreement, and advised that Dovetree would not comply with the terms of the May 2013 agreement unless Plaintiff signed the June agreement.  *Id.* at 3.  Plaintiff argues that there is no "provision in the May 21, 2013, Settlement Agreement that requires or suggests that the Plaintiff is required to negotiate and execute a new agreement with the Defendant."  *Id.* at 4.  "Plaintiff outright rejects the Defendant's demand that she is required to execute a new agreement and instead steadfastly maintains that the Defendant must honor the May 21, 2013, Settlement Agreement."  *Id.*

In response, Dovetree agrees that during the May 21st mediation, "the parties agreed on the basic terms of a settlement."  Doc. 46 at 2.  Dovetree contends that the parties agreed "upon the basic framework" but argues that additional steps were

required "by the parties to finalize the settlement, including preparing a complete final settlement agreement." *Id.* at 2, 3. Dovetree further contends that Plaintiff is incorrect when she asserts that "no Final Settlement Agreement is necessary" and Dovetree points out that Plaintiff has "refused to even review or comment on the draft Final Settlement Agreement provided by Dovetree."[1] *Id.* at 2. Dovetree advises that Plaintiff's counsel "refused to meaningfully participate in any further discussion with the mediator to resolve whatever disputes may exist regarding the language of the Final Settlement Agreement." *Id.* Dovetree points out that pursuant to the Settlement Agreement, the parties were to reconvene with the mediator to resolve any disputes, and contends Plaintiff has not done so. *Id.*

Both Plaintiff and Dovetree submitted a copy of the May 21, 2013, Settlement Agreement. Doc. 46-2; doc. 41-1. While Dovetree cites to this as a "Mediation Settlement Agreement," doc. 46 at 2, it is titled solely as Settlement Agreement. Both Plaintiff and Dovetree signed the Settlement Agreement along with their respective counsel, but there is a blank signature line for Third-party Defendant FJH and counsel for FJH. *Id.* Both Plaintiff and Dovetree advise that "Third-part defendant FJH did not sign the Settlement Agreement as its counsel and representative left the mediation early

---

[1] Contrary to Plaintiff's assertion that Dovetree emailed Plaintiff "a seventy (70) page agreement and demanded that the Plaintiff" execute the agreement, *see* doc. 41 at 3, Dovetree asserts that it "prepared a ten page complete Final Settlement Agreement (together with exhibits, including all of the Plaintiff's contracts at issue) consistent with the Mediation Settlement Agreement . . . ." Doc. 46 at 2. Presumably, the exhibits lengthen the document to 70 pages total.

Case No. 4:12cv571-WS/CAS

since the issues being mediated were ancillary to its involvement as a third-party indemnitor."[2]  Doc. 41 at 2; *see* doc. 46 at 3.

After mediation, counsel for FJH (Mr. Wolfe) sent an email to the attorneys for the other parties advising that he had reviewed the "mediated settlement agreement" and asserted the "document is NOT in conformance with our agreement."  Doc. 41-2 at 3; doc. 46 at 3.  Specifically, FJH objected to paragraph 5 of the agreement and stated that FJH "is only releasing any claims to seek fees that were set forth in the lawsuit" and "is NOT giving Dovetree a general release . . . ."  *Id.*  Counsel for Dovetree (Mr. Gourwitz) responded that the "final release documents" would be prepared "correctly reflecting the Asset Purchase Agreement as well as FJH's continuing royalty obligations to [Plaintiff] that have nothing to do with this lawsuit."  Doc. 41-2 at 2; doc. 46 at 3-4.  FJH responded to that email advising that they "would not sign the bullet points but rather will wait for the long form documents."  Doc. 41-2 at 2; doc. 46 at 4.

**Analysis**

In interpreting settlement agreements, state contract law applies.  Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 & n.4 (11th Cir. 2000); *see also* Shepard v. Fla. Power Corp., No. 8:09cv2398, 2011 WL 1465995, *2 (M.D. Fla. Apr. 18, 2011) (stating that "[a] settlement agreement is a contract and, as such, its construction and enforcement are generally governed by state law."); Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla. 1985).  "[S]ettlements are highly favored and will be enforced whenever possible."  Robbie, 469 So.2d at 1385; *see also* Pettinelli v. Danzig, 722 F.2d

---

[2] "FJH was indemnifying Dovetree."  Doc. 46 at 3.

706, 710 (11th Cir. 1984); Menaged v. City of Jacksonville Beach, No. 3:11cv586, 2013 WL 461999, *2 (M.D. Fla. Jan. 14, 2013).

"Oral settlement agreements are enforceable under both federal and Florida law." Skrtich v. Thornton, No. 3:99cv742, 2003 WL 24845555 (M.D. Fla. March 28, 2003). "As long as an intent to settle essential elements of the cause can be established, it matters not that the agreement is not fully executed or reduced to writing, as even oral settlements have been fully recognized and approved by the Courts of this state." Allapattah Services, Inc. v. Exxon Corp., Nos. 05-21338, 91-0986, 2007 WL 7756735, *2 (S.D. Fla. Sept. 26, 2007); Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859, 862 (Fla. 4th DCA 1986) (pointing out that "Florida law does not require that a settlement agreement be in writing."). "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." Skrtich, 2003 WL 24845555 at *2, *citing* Don L. Tullis and Assoc., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." Skrtich, 2003 WL 24845555 at *2, *citing* Carroll v. Carroll, 532 So.2d 1109 (Fla. 4th DCA 1988), *rev. denied*, 542 So.2d 1332 (Fla. 1989).

Dovetree argues that "within twenty-four hours of the conclusion of the mediation, all parties understood that a full and complete settlement agreement was necessary to finalize the Mediation Settlement Agreement." Doc. 46 at 3. That argument is premised on the email from counsel for FJH stating they would not sign the agreement which was signed by Plaintiff and Dovetree on May 21, 2013. That email, however, demonstrates

a dispute with the terms of the agreement (paragraph 5)[3] and is not evidence that the written agreement, partially executed, contemplated yet another Settlement Agreement. The Settlement Agreement itself provides that by June 30, 2013, Dovetree would pay a specified sum to Plaintiff and the funds would "be held in trust pending execution, delivery and filing of all documents necessary to carry out the terms of this Agreement." Doc. 46-2 at 2. The rest of the Settlement Agreement specifies amendments to be made to the Royalty Agreements concerning royalty payments, and then requires all three parties to execute a general release of claims, requires Plaintiff to make changes to Plaintiff's website, and requires all parties to execute and file a Joint Stipulation of Dismissal with Prejudice. The clear language of the Settlement Agreement provides that the only additional documents to be executed are for Plaintiff to "execute and deliver a General Release of all claims as to FJH and Dovetree" (paragraph 3), for Dovetree to "execute and deliver a General Release of all claims it has against McArther, (paragraph 4), and for FJH to execute a General Release against McArthur and Dovetree (paragraph 5). There is no other specified document to be drafted or executed. Thus, Dovetree's argument that additional "long form documents" or a "Full Settlement Agreement" were required to be written by the Agreement, doc. 46 at 4, is rejected.

Notwithstanding, Plaintiff, as the party seeking an order to enforce the Agreement, has the burden to demonstrate "the opposing party assented to the terms of the agreement." It does appear from Dovetree's signature that it consented to the

---

[3] Paragraph 5 stated: "FJH shall execute and deliver a General Release of all claims it has against McArther [Plaintiff] and Dovetree." Doc. 46-2 at 3.

Settlement Agreement and it would appear there was a meeting of the minds between Plaintiff and Dovetree. It is true that an agreement which is not fully executed could be enforced, if it is clear that the terms of the settlement agreement are "sufficiently specific and mutually agreed upon as to every essential element." Skrtich, 2003 WL 24845555 at *2. However, the Settlement Agreement at issue here is between three parties: Plaintiff, Dovetree, and FJH. FJH, however, left the mediation prior to its conclusion and did not sign the Settlement Agreement. While FJH could be held to the terms of the Settlement Agreement if it is found it agreed to the terms even without a signature, in this case, the record reflects that FJH did not agree to the terms of the Agreement. FJH rejected paragraph five of the Settlement Agreement, an essential element of the Settlement Agreement. Thus, notwithstanding the rejection of Dovetree's argument, Plaintiff's motion to enforce the Settlement Agreement should be denied because the evidence thus far does not reveal mutual agreement by all three parties to the Agreement.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to enforce the mediated settlement agreement, doc. 41, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 8, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**